UNITED STATES DISTRICT COURT  O
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JAVIER HERRERA-CHAVEZ | § | |
| | § | |
|  Petitioner | § | |
| VS. | § | CIVIL ACTION NO. L-10-20 |
| | § | CRIMINAL CASE NO. L-08-cr-1311-1 |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Javier Herrera-Chavez's ("Herrera") Motion under § 2255 to Vacate, Set Aside, or Correct Sentence. [Dkt. No. 1].[1] Also pending is Herrera's Motion to Appeal *in forma pauperis*. [Dkt. No. 2]. Having reviewed the motions, record, and governing authorities, the Court **DISMISSES with prejudice** the § 2255 motion, and **DENIES as moot** the *in forma pauperis* motion.

**I. BACKGROUND**

On August 19, 2008, a federal grand jury in Laredo, TX, returned an indictment against Herrera. [Dkt. No. 7]. The indictment charged that, as an alien who had previously been denied admission, excluded, deported, and removed, and had departed the United States while an order of exclusion, deportation and removal was outstanding, Herrera was found in the United States, having not obtained the consent of the Attorney General of the United States to reapply for admission into the United States prior to March 1, 2003, and having not obtained consent from the Secretary of the Department of Homeland Security to reapply for admission into the United States on or after March 1, 2003, in violation of Title 8, United States Code, Section 1326. [*Id*.].

On October 16, 2008, Herrera appeared before the Court for re-arraignment. [Minute

---

[1] "Dkt. No." refers to the docket number entry for the Court's electronic filing system. The Court will cite to the docket number entries rather than the title of each filing. "Dkt. No." will be used to refer to filings in civil case number L-10-20. "Cr. Dkt. No." will be used to refer to filings in criminal case number L-08-1311-1.

Entry for 10/16/08]. Before appearing for this proceeding, Herrera purportedly underwent surgery and received other medical treatment for an infection in his right ear. [Cr. Dkt. No. 33 at 16]. Despite his surgery and treatment, he continued to feel pain. [*Id*. at 18]. During re-arraignment, the Court explained to Mr. Herrera that it understood that he had difficulty hearing, and that it would determine whether anything about his physical condition affected his ability to understand what was being done during the re-arraignment. [*Id*. at 4]. Herrera then said that he understood as much, and affirmed that he wanted go forward with his plea. [*Id*.]. After the Court admonished Herrera as to the natures of the charges against him, his rights, and the consequences of his plea, Herrera entered a plea of guilty. [*Id*. at 5-13]. The Court then found that Herrera was competent to enter his plea. [*Id*. at 15].

On February 18, 2009, Herrera appeared before the Court for sentencing. [Minute Entry of 2/18/09]. The Court sentenced him to 80 months of imprisonment, in addition to three years of supervised release. [Cr. Dkt. No. 28]. That same day, Herrera filed a Notice of Appeal. [Cr. Dkt. No. 26]. Thereafter, his appointed counsel filed an *Anders* brief and moved to withdraw from the case. [Cr. Dkt. No. 43]. Herrera did not file a response. [*Id*.]. On January 19, 2010, the Court of Appeals for the Fifth Circuit dismissed the appeal, noting that, after an independent review of the record and counsel's brief, there was no nonfrivolous issue for appeal. [*Id*.].

On March 8, 2010, Herrera filed the pending § 2255 motion, and presented four supporting grounds. [Dkt. No. 1]. In essence, all of the grounds are related to the validity of his guilty plea. First, Herrera contends that his plea was entered unknowingly, unintelligently and involuntarily. [Dkt. No. 1 at 5]. In support, he avers that he was in pain during the re-arraignment, that he did not understand the nature of the plea proceedings, and that he desired medical attention. [*Id*.]. He also alleges that the Court was aware that he could not understand

English, and that he was not provided with an interpreter. [*Id.*]. Secondly, Herrera asserts that he was not competent to plea, and that he has undergone "numerous mental examinations and suffer[s] from a mental disease." [*Id.* at 6].

Third, Herrera asserts that he received ineffective assistance of counsel, contending that his counsel failed to object to the Court's alleged error; failed to advise him as to the consequences of his plea; failed to move for a mental examination; and failed to object to the plea hearing. [*Id.* at 8]. Fourth, Herrera argues that his appellate counsel was also ineffective, in that his counsel should have argued that his plea was unknowing, that he was incompetent to stand trial and plea, and that his trial counsel was ineffective. [*Id.* at 10]. In addition to his § 2255 motion, Herrera filed a Motion for Permission to Appeal *in forma pauperis*. [Dkt. No. 2].

## II.    DISCUSSION

### A.    Standard Governing § 2255 Claims

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam) (citing *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981)). Generally, § 2255 claims fall under four categories, including: (1) constitutional issues; (2) challenges to the district court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255 (2006); *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted). After conducting an initial examination of the petition, the Court must dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." 28 U.S.C. § 2255, PROC. R. 4(b).

### B. Ineffective Assistance of Counsel

It is well established that "a collateral challenge [to a conviction] may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982) (citation omitted). Ordinarily, a final conviction may only be challenged as to issues of constitutional or jurisdictional magnitude. *United States v. Williams*, 273 F.3d 592, 595 (5th Cir. 2001). A petitioner may not raise such issues for the first time on collateral review unless he shows "cause" for his procedural default, in addition to "actual prejudice" resulting from the error. *United States v. Shaid*, 937 F. 228, 232 (5th Cir. 1991) (citing *Frady*, 456 U.S. at 168).

However, "[a] § 2255 motion is the preferred method for raising a claim of ineffective assistance of counsel." *United States v. Gordon*, 346 F.3d 135, 136 (5th Cir. 2003) (citing *Massaro v. United States*, 538 U.S. 500 (2003)). As the Fifth Circuit has explained, "a claim of ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations." *United States v. Higdon*, 832 F.2d 312, 313-14 (5th Cir. 1987) (citing *United States v. McClure*, 786 F.2d 1286, 1291 (5th Cir. 1986)).

In the instant case, Herrera challenges the validity of his plea, asserting that he was not competent to plea and that he did not understand the nature of the proceedings. Herrera did not raise these arguments on appeal, and does not explain why he failed to do so. But Herrera does assert that he received ineffective assistance of counsel as a result of his counsel's failure to object to the Court's alleged error. While it is not clear which error he alludes to, the Court must liberally construe his *pro se* pleadings to avoid waiver. *United States v. Gonzalez*, 592 F.3d 675, 680, n.3 (5th Cir. 2009) (citation omitted). Accordingly, the Court construes his Motion to assert that his counsel failed to object to the Court's finding that he was competent to enter his

plea.

Ineffective assistance of counsel is a violation of the Sixth Amendment right to counsel, a claim of constitutional proportion permitted under 28 U.S.C. § 2255. In order to rule upon the merits of Herrera's ineffective assistance claim, however, the Court must first address his challenges to the validity of his plea.

### C. Whether Herrera was Competent to Enter his Plea

The Fifth Circuit has identified three core concerns in a plea proceeding: (1) the absence of coercion; (2) a full understanding of the charges; and (3) a realistic appreciation of the consequences of the plea. *United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993). For a plea to be knowing and voluntary, a "defendant must be advised of and understand the consequences of the [guilty] plea." *United States v. Gaitan*, 954 F.2d 1005, 1011 (5th Cir. 1992) (quoting *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir.), *cert. denied*, 493 U.S. 1093 (1991)). Rule 11 of the Federal Rules of Criminal Procedure requires a court to address the defendant personally in open court to determine that the defendant understands the nature of the offense, as well as his rights as a criminal defendant. *United States v. Vonn*, 535 U.S. 55, 62 (2002). "The very premise of the required Rule 11 colloquy is that, even if counsel is present, the defendant may not adequately understand the rights set forth in the Rule unless the judge explains them." *Id.* at 78 (Stevens, J., concurring).

In this case, Herrera argues that he was not competent to enter his plea. [Dkt. No. 1 at 5]. Contrary to his claim, however, the record shows that Herrera was competent to enter his plea, and that the Court was well aware of his ear condition. Before admonishing Herrera of his rights pursuant to Rule 11, the Court explained that it would determine whether there was anything about his physical condition that affected his ability to understand the proceedings. [Cr. Dkt. No.

33 at 4]. The Court stated:

> I do understand that you have some difficulty hearing. But beyond the difficulty of hearing, the [C]ourt will determine whether or not there is anything about your physical condition that affects your ability to understand what is being done here today.

[*Id.*]. The Court then asked Herrera if he wanted to proceed with his plea, and Herrera replied affirmatively. [*Id.*]. After admonishing Herrera pursuant to Rule 11 and asking him a series of questions to ensure that he understood his rights and the consequences of entering a guilty plea, the Court determined that he was competent to enter his plea. [*Id.* at 15].

Following this finding, the Court gave Herrera and his counsel an opportunity to address any other issues arising from Herrera's ear condition. [*Id.* at 16]. But none of the additional information offered created any reason to doubt his competency. Herrera's counsel added that, while in federal custody, Herrera had previously gone into surgery for a medical condition related to his right ear. [*Id.*]. Herrera's counsel also explained that, according to Herrera, the surgery did his cure his condition. [*Id.*]. In addition, Herrera's counsel noted that Herrera visited a doctor, who advised that an additional surgery was necessary. [*Id.*].

The Court also gave Herrera an opportunity to speak. Herrera explained that he had received three previous treatments for his ear. [*Id.* at 18]. Herrera also explained that, despite having received treatment and taken medication, he continued to experience pain. [*Id.*]. That Herrera was in pain, however, is insufficient to establish that he was not competent to enter his plea. Indeed, Herrera was able to comprehend and answer the Court's questions during the plea colloquy.

In addition, Herrera avers that he has undergone several mental examinations and that he suffers from a mental disease. [Dkt. No. 1 at 6]. The record reflects that, pursuant to Court orders in an unrelated case, he participated in mental examinations in 2000. [Presentence

Investigation Report at 13, ¶ 48-49]. But neither of the evaluations resulted in a finding that he suffers from a mental disability. The first examination indicated that he was competent to stand trial. [*Id*. at ¶ 48]. And the second examination concluded that he did not suffer from a mental disease or defect. [*Id*. at ¶ 49]. Furthermore, as noted above, based upon answers Herrera provided during his sentencing proceeding, this Court determined that he was competent to enter his plea. The record thus contains nothing to indicate that Herrera suffers from a mental disability. His claim that he suffers from a mental disease and was not competent to proceed during sentencing is therefore without merit.

In further support of his competency claim, Herrera avers that, during re-arraignment, the Government mentioned that he was not competent to enter a plea. [Dkt. No. 1 at 5]. The Government made no such statement, however. Instead, the Government noted that it had asked Herrera's counsel if Herrera was "competent enough for the [C]ourt to make a finding that this is obviously a physical condition that doesn't relate to his competency." [Cr. Dkt. No. 33 at 20]. While Herrera's counsel replied by indicating that he believed Herrera was competent, the Court had already made a finding that Herrera was competent. [*Id*.]. For these reasons, the Court finds that Herrera's claim that he was not competent to enter a plea is without merit.

### D.     Whether Herrera Entered his Plea Knowingly and Voluntarily

Aside from arguing that he was not competent to enter a plea, Herrera asserts that his plea was otherwise not entered knowingly and voluntarily. But a review of the record shows otherwise. During the plea colloquy, the Court began by asking Herrera if he reviewed the indictment with his attorney, and he replied affirmatively. [*Id*. at 5]. The Court then reviewed the charges set forth in Herrera's indictment, and asked him if he understood such charges. [*Id*. at 5-6]. Herrera replied by stating, "[y]es." [*Id*. at 6]. Herrera also confirmed that he reviewed

the charge with his counsel. [*Id*.].

Thereafter, the Court explained to Herrera that he had a right to plead not guilty to the charges in his indictment, and informed him as to his trial rights. [*Id*. at 6-7]. Additionally, the Court stated that, if Herrera entered a plea of guilty, he would be giving up those rights. [*Id*. at 7]. After indicating that he understood these rights, Herrera affirmed that he wanted to give them up. [*Id*. at 8].

The Court then admonished Herrera as to the possible punishment that he would be facing. [*Id*.]. Per the Court's instruction, the Government stated that Herrera faced a maximum of 20 years confinement. [*Id*.]. In turn, Herrera confirmed that he understood the maximum penalty. [*Id*.]. Next, the Court asked Herrera whether he talked with his counsel about the sentencing guidelines, and the possible sentence that he was facing. [*Id*. at 8-9]. Herrera replied affirmatively. [*Id*. at 9]. Contrary to Herrera's claim, it is clear that Herrera knew the nature and consequences of guilty plea.

Thereafter, the Court turned to ensure that Herrera's plea was voluntary. The Court asked Herrera whether he was made a guarantee as to his sentence. [*Id*. at 11]. Herrera indicated that no one had made such a guarantee. [*Id*.]. The Court then made several findings. In particular, the Court found that he understood the nature of the charges against him, as well as the consequences of entering a plea of guilty. [*Id*. at 15]. The Court also found that a factual basis existed for Herrera's guilty plea, and that Herrera entered his plea freely and voluntarily. [*Id*. at 15-16].

Moreover, while Herrera avers that he was not provided with an interpreter, it is clear that the Court provided Herrera with a translator for the entirety of the hearing. [*See* Minute Entry for 10/16/2008]. For these reasons, the Court finds that Herrera entered his plea

knowingly and voluntarily.

### E.       Whether Herrera Received Ineffective Assistance at Re-arraignment or on Appeal

Under the pertinent two-prong test for a claim of ineffective assistance of counsel, Herrera must show (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that he suffered prejudice as a result.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  A reviewing court need not consider either prong of the test in any particular order.  *Id.* at 697.  There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and adequate assistance was rendered.  *Id.* at 689-90.  All significant decisions are presumed to be made "in the exercise of reasonable professional judgment."  *Id*.  There are few specific instances where a presumption of prejudice exists, but "actual ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice."  *Id*. at 692-93.

Here, Herrera presents four supporting grounds for his ineffective assistance claim, and presents four supporting grounds. [Dkt. No. 1 at 8].  First, Herrera claims that his counsel failed to object to this Court's error, though he does not specify which alleged error he is referring to. Assuming that Herrera refers to the alleged errors presented in support of the claims related to his competency and plea, he cannot avail on this ground.  As noted above, the Court determined during re-arraignment that Herrera was competent.  [Cr. Dkt. No. 33 at 15].  Because Herrera cannot show that he was not competent to enter his plea, he also cannot persuasively argue that his counsel was ineffective for failing to object to the Court's finding as to Herrera's competency.

Next, Herrera avers that his counsel did not advise him as to the consequences of his plea. [Dkt. No. 1 at 8].  This claim is not supported by the record.  During his re-arraignment, Herrera

9 / 11

indicated that his counsel did advise him as to the consequences of his plea. In pertinent part, the Court stated: "It's also important that you understand . . . what the possible punishment that you may be facing in this case is. Have you discussed that with your lawyer?" [*Id.*]. Herrera responded by saying, "Yes." [*Id.*]. Herrera's assertion that his counsel did not advise him as to the consequences of his plea does not overcome his sworn statements in open court, which carry a strong presumption of veracity. *See Blackledge v. Allison*, 431 U.S. 63, 75 (1977); *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001). Yet, even if Herrera's counsel did not discuss the consequences of his plea, the Court asked him whether he understood that he faced a possibility of up to 20 years imprisonment. [Cr. Dkt. No. 33 at 8]. Herrera replied affirmatively. [*Id.*].

In addition, Herrera argues that he received ineffective assistance because his counsel did not move for a mental examination. [Dkt. No. 1 at 8]. But the Court determined, during the re-arraignment, that Herrera was competent to enter a plea. Because there was no reason to question Herrera's competency, Herrera cannot show that his counsel was ineffective in failing to move for a mental examination.

Next, Herrera argues, without any further substantiation, that counsel failed to object to the plea hearing. The Court assumes that this claim is also related to his competency claim, or his claim that he entered his plea unknowingly and involuntarily. For the reasons previously discussed, however, this claim is without merit.

In his fourth and final ground supporting his § 2255 motion, Herrera contends that he received ineffective assistance on appeal. [Dkt. No. 1 at 9]. Specifically, he argues that he had three supporting grounds for appeal and that his counsel neglected to raise such grounds. [*Id.* at 9]. While he does not state which grounds his appeal counsel should have raised, the Court

assumes that he is referring to the three grounds noted above. But none of the grounds raised by Herrera in his petition have merit. Therefore, Herrera cannot show that his appellate counsel was ineffective for failing to raise such grounds.

### III. CONCLUSION

For the foregoing reasons, Herrera's § 2255 Motion is **DISMISSED with prejudice**. [Dkt. No. 1]. While Herrera has filed an Application to Appeal *in forma pauperis*, [Dkt. No. 2], such Application is unnecessary, and is **DENIED as moot**. See 28 U.S.C. § 2255 Rule 3, advisory committee's notes ("There is no filing fee required of a movant under these rules."). Should Herrera seek one, a certificate of appealability is **DENIED**. Final Judgment shall issue under separate cover.

IT IS SO ORDERED.

DONE this 14th day of June, 2010 in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**